IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TAMMY S.,[1]

        Plaintiff,

v.

COMMISSIONER SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

No. 6:17-cv-01562-HZ

OPINION & ORDER

Sherwood J. Reese
Drew L. Johnson, P.C.
1700 Valley River Drive
Eugene, OR 97401

    Attorney for Plaintiff

Renata Gowie
Assistant United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

1 - OPINION & ORDER

Sarah Moum
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

Plaintiff Tammy S. brings this action for judicial review of the Commissioner's final decision denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income (SSI). This Court has jurisdiction under 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1382(c)(3)). The Commissioner's decision is reversed and remanded for further proceedings.

## PROCEDURAL BACKGROUND

Plaintiff applied for DIB and SSI on September 4, 2013, alleging disability as of January 1, 2008. Tr. 108.[2] Plaintiff's date last insured ("DLI") is December 31, 2009. Tr. 18. Her application was denied initially and on reconsideration. Tr. 142–50, 152–57. On July 15, 2016, Plaintiff appeared, with counsel, for a hearing before an Administrative Law Judge (ALJ). Tr. 46. On October 18, 2016, the ALJ found Plaintiff not disabled. Tr. 31. The Appeals Council denied review. Tr. 1.

## FACTUAL BACKGROUND

Plaintiff initially alleged disability based on fibromyalgia, panic disorder, and depression. Tr. 234. She was 27 at the time of her alleged onset date and 35 at the time of the administrative hearing. Tr. 29–30. Plaintiff has a high school education and past relevant work experience as a certified nurse assistant and certified medical technician. Tr. 29–30.

---

[2] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record, filed herein as Docket No. 12.

# SEQUENTIAL DISABILITY ANALYSIS

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). Disability claims are evaluated according to a five-step procedure. *See, e.g., Valentine v. Comm'r*, 574 F.3d 685, 689 (9th Cir. 2009). The claimant bears the ultimate burden of proving disability. *Id.*

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. 137 at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at

141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity after her alleged onset date of January 1, 2008. Tr. 20. Next, at steps two and three, the ALJ determined that Plaintiff has the following severe impairments: "fibromyalgia; polyarthralgias; asthma; major depressive disorder; dysthymia; generalized anxiety disorder; panic disorder; posttraumatic stress disorder (PTSD); somatization disorder; personality disorders (depressive, avoidant, dependent); and attention deficit hyperactivity disorder (ADHD)." Tr. 20. However, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment. Tr. 21. At step four, the ALJ concluded that Plaintiff has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following limitations:

> [T]he claimant is limited to lifting and/or carrying 20 pounds occasionally and 10 pounds frequently. She is limited to sitting, standing and/or walking six hours in an eight-hour day, with normal breaks. The claimant must avoid concentrated exposure to fumes, odors, dust, gases, and poorly ventilated areas. The claimant is limited to understanding and carrying out simple instructions in a workplace free of fast-paced production requirements. The claimant is limited to no contact with the general public and no more than occasional contact with coworkers and supervisors.

Tr. 23. Because of these limitations the ALJ concluded that Plaintiff could not perform her past relevant work as a certified nurse assistant or certified medical technician. Tr. 29. But at step five the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as "Garment Sorter," "Electronics Worker," and "Small Products Assembler II." Tr. 30. Thus, the ALJ concluded that Plaintiff is not disabled. Tr. 31.

**STANDARD OF REVIEW**

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence" means "more than a mere scintilla, but less than preponderance." *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

The court must weigh the evidence that supports and detracts from the ALJ's conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. *Id.* (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)); *see also Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. *Id.*; *see also Batson*, 359 F.3d at 1193. However, the court cannot not rely upon reasoning the ALJ did not assert in affirming the ALJ's findings. *Bray*, 554 F.3d at 1225-26 (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).

**DISCUSSION**

Plaintiff contends that the ALJ erred by (1) rejecting the opinion of Plaintiff's examining physician Wayne Taubenfeld, Ph.D.; (2) rejecting the opinion of Plaintiff's treating doctor, Kristin Bradford, MD; and (3) improperly discrediting Plaintiff's symptom testimony. Pl.'s Op. Br. 2, ECF 13. The Commissioner concedes that the ALJ erred in discounting the opinions of Dr. Taubenfeld and Dr. Bradford but disagrees that the ALJ erred in discrediting Plaintiff's

testimony. Def.'s Br. 4, ECF 16. The parties also disagree on whether the Court should remand the case for an award of benefits or for further proceedings. Because the Court finds there are ambiguities and conflicts in the record most appropriate for resolution by the ALJ, this case is reversed and remanded for further proceedings.

I.      **Credibility Determination**

The ALJ is responsible for determining credibility. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). In assessing a claimant's testimony regarding subjective pain or the intensity of symptoms, the ALJ engages in a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929. The first stage is a threshold test in which the claimant must present objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012); *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008). At the second stage of this analysis, absent affirmative evidence of malingering, the ALJ must provide clear and convincing reasons for discrediting the claimant's testimony regarding the severity of the symptoms. *Carmickle v. Comm'r Soc. Sec. Admin.,* 533 F.3d 1155, 1166 (9th Cir. 2008); *Lingenfelter*, 504 F.3d at 1036.

The ALJ must make findings that are sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014); *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). Factors the ALJ may consider when making such determinations include the objective medical evidence, the claimant's treatment history, the claimant's daily activities, and inconsistencies in the testimony. *Ghanim*, 763 F.3d at 1163; *Tommasetti*, 533 F.3d at 1039. In addition, conflicts between a claimant's testimony and the objective medical evidence in the

record can undermine a claimant's credibility. *Morgan v. Comm'r Soc. Sec. Admin.,* 169 F.3d 595, 600 (9th Cir. 1999).

When the ALJ's credibility findings are supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). However, a general assertion that plaintiff is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993); *see also Morgan,* 169 F.3d at 599.

Plaintiff has severe impairments of "fibromyalgia; polyarthralgias; asthma; major depressive disorder; dysthymia; generalized anxiety disorder; panic disorder; posttraumatic stress disorder (PTSD); somatization disorder; personality disorders (depressive, avoidant, dependent); and attention deficit hyperactivity disorder (ADHD)." Tr. 20. Plaintiff testified that she lost her last job because her employer noticed the symptoms of her panic disorder. Tr. 53. At the time, she was having three or four panic attacks per day. Tr. 53–54. During her panic attacks, Plaintiff would "hold [her] anxiety in until [she] burst" and either run from the room or "beat the walls" of the bathroom. Tr. 53. At the hearing, Plaintiff testified that she still experienced panic attacks approximately three times per day. Tr. 56.

Plaintiff testified that she has difficulties with her activities of daily living. Because of her panic attacks, Plaintiff struggles to leave her home. Tr. 58. A friend accompanies her when she goes grocery shopping to prevent her from having a panic attack. Tr. 58. In her disability reports, Plaintiff stated that she has extreme anxiety around people and in public spaces. Tr. 248. She does not participate in activities at her children's school and removes herself from large crowds. Tr. 248. She has difficulties concentrating, following through with household chores,

and engaging in social activities. Tr. 251. Her anxiety prevents her from being able to drive. Tr. 251. She has a hard time completing her solitary hobbies. Tr. 251. She has a difficult time fixing meals and with self-care. Tr. 270.

The ALJ provides two reasons for discounting Plaintiff's credibility as to the severity of her symptoms: (1) lack of support from the objective medical evidence; and (2) inconsistencies with Plaintiff's reported activities of daily living. Tr. 24. Plaintiff contends that these reasons are neither clear nor convincing. Pl.'s Br. 15. This Court agrees.

A.  Lack of Support from the Objective Medical Evidence

Under certain circumstances, the ALJ can discount claimant testimony when that testimony is not supported by the objective medical record. *See Batson,* 359 F.3d at 1196 (9th Cir. 2007) (consulting physician "did not believe that [the plaintiff's] 'Graphic and expansive' pain symptoms could be explained on physical basis"); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (The ALJ could consider mild findings on MRIs and X-rays in discounting the plaintiff's testimony as to her back pain.). However, this may not be the ALJ's sole reason for discounting a claimant's testimony: "the Commissioner may not discredit the claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence." *Reddick,* 157 F.3d at 722.

The ALJ found "the objective findings in this case fail to provide strong support for the claimant's allegations of disabling symptoms and limitations."[3] Tr. 24. The ALJ noted that Plaintiff reported to her providers "depression and anxiety with difficulties concentrating and thinking, loss of pleasure in activities, irritability, restlessness, insomnia, fatigue, panic attacks, fear, hyper-arousal, and racing pulse." Tr. 25. Plaintiff also noted hypervigilance, intrusive

---

[3] Plaintiff only addresses the ALJ's decision to discredit Plaintiff's limitations related to her mental impairments. Pl. Br. 15–19. The Court therefore does not address the ALJ's decision as it pertains to her physical limitations.

dreams, flashbacks, and difficulty sleeping as a result of past trauma. Tr. 25. The ALJ then emphasized that therapy notes indicated that Plaintiff "appeared to have improved the effectiveness of managing her emotions and anxiety and was making progress towards her goals." Tr. 25. She also "appeared calm and confident and appeared oriented with normal posture, behavior, mood, and affect, normal judgment and insight, normal thought content, and normal memory, attention, and concentration." Tr. 25, 756–65, 852. The ALJ noted that Plaintiff reported having two or three friends. Tr. 25, 622.

The ALJ's reasoning is neither clear nor convincing. First, the cited evidence does not undermine Plaintiff's symptom testimony. Plaintiff's progress in managing her emotions, calm appearance, and normal cognitive functioning do not conflict wither her testimony that she is restless, struggles with maintaining her concentration, experiences anxiety and fatigue, and has frequent panic attacks. *See Ghanim*, 763 F.3d at 1164 (noting that "observations of cognitive functioning during therapy sessions [did] not contradict [the plaintiff's] reported symptoms of depression and social anxiety"). Plaintiff's ability to maintain two or three friendships—a "small support system" in the words of Plaintiff's provider—is not inconsistent with Plaintiff's testimony that she has difficulty in public and requires help of friends to carry out her daily activities. Tr. 58, 248, 622.

In addition, the ALJ's finding is not supported by substantial evidence. The medical record largely supports Plaintiff's subjective symptom testimony. Throughout her treatment, Plaintiff regularly reported anxiety, intrusive thoughts, and frequent panic attacks. Tr. 625, 628, 659–60, 664, 670, 741–743, 781, 794, 841–42. Indeed, at the very appointments the ALJ cites as demonstrating improvement in her mental heath conditions, Plaintiff reported that she was still experiencing anxiety and PTSD symptoms, including decreased concentration, hyperarousal,

avoidance, and fatigue. Tr. 756–65, 852. The ALJ cannot cherry pick isolated incidents of improved functioning to undermine Plaintiff's credibility. *See Ghanim*, 763 F.3d at 1164 (noting that the ALJ must view the record as a whole and should not over emphasize treatment notes that demonstrate occasional signs of improvement). Accordingly, the Court finds that the ALJ has erred in finding that the objective medical evidence does not support Plaintiff's testimony as to her disabling mental health symptoms.

  B.  Activities of Daily Living

Contradiction with a claimant's activities of daily living is a clear and convincing reason for rejecting a claimant's testimony. *Tommasetti*, 533 F.3d at 1039. There are two grounds for using daily activities to form the basis of an adverse credibility determination: (1) when activities meet the threshold for transferable work skills and (2) when activities contradict a claimant's other testimony. *Orn,* 495 F.3d at 639. However, "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations," *Reddick*, 157 F.3d at 722, and "the mere fact that a plaintiff has carried on with certain daily activities, such as grocery shopping . . . does not in any way detract from his credibility," *Webb v. Barnhart,* 433 F.3d 683, 688 (9th Cir. 2005) (citing *Vertigan v. Halter,* 260 F.3d 1044, 1050 (9th Cir.2001)). In order to impact a claimant's credibility, the activity has to be "inconsistent with claimant's claimed limitations." *Reddick,* 157 F.3d at 722. The ALJ cannot mischaracterize statements and documents in the record or take these out of context in order to reach his conclusion on the claimant's credibility. *Id.* at 722–23.

The ALJ found that "the claimant engages in activities that are not limited to the extent one would expect, given her complaints of disabling symptoms and limitation[s]." Tr. 24. The ALJ noted Plaintiff's reports of difficulties with memory and concentration, following through

with basic care, fixing meals, participating in activities at her children's school, visiting friends or social clubs, driving, and completing projects. Tr. 24. Then, to discount her testimony the ALJ cited Plaintiff's ability to "go to the gym, ride her bike, travel to New Mexico for three weeks, live alone with her two children, take her children to school, cook for her children, tend to her personal care needs, go to the grocery store with someone, date, talk with family, read, use the computer, and watch movies. Tr. 24.

But many of the cited activities are either taken out of context or otherwise consistent with her testimony. For example, Plaintiff requires someone to accompany her to the grocery store to drive her and prevent her from having panic attacks. Tr. 58, 743. She also stated that friends help her around the house. Tr. 742. Though she reported going to the gym, tr. 751, she described pain for several days after exertion, tr. 741. Plaintiff's difficulties with self-care are corroborated by third-party observations in the record. Tr. 742, 804 (noting poor dental hygiene and a slightly unkempt appearance). In addition, her ability to talk with her family and take care of her children—at times with their help—does not detract from her claims of disabling panic attacks, difficulties with basic care, social activities, or concentration. *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) ("[T]he mere fact that she cares for small children does not constitute an adequately specific conflict with her reported limitations"). Nor does one trip to New Mexico to visit family undermine her testimony. *See Hostrawser v. Astrue*, 364 Fed.Appx. 373, 378 (9th Cir. 2010) (noting that the ability to undertake normal activities and occasionally travel was not inconsistent with disability). Accordingly, this is not a clear or convincing reason for discounting Plaintiff's subjective symptom testimony.

///

///

## II. Remand for Further Proceedings

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the Court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). To determine which type of remand is appropriate, the Ninth Circuit uses a three-part test. *Id.* at 1020; *see also Treichler v. Comm'r*, 775 F.3d 1090, 1100 (2014) ("credit-as-true" rule has three steps). First, the ALJ must fail to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Second, the record must be fully developed, and further administrative proceedings would serve no useful purpose. *Id.* Third, if the case is remanded and the improperly discredited evidence is credited as true, the ALJ would be required to find the claimant disabled. *Id.* To remand for an award of benefits, each part must be satisfied. *Id.*; *see also Treichler*, 775 F.3d at 1101 (When all three elements are met, "a case raises the 'rare circumstances' that allow us to exercise our discretion to depart from the ordinary remand rule."). The "ordinary remand rule" is the proper course except in rare circumstances. *Treichler*, 775 F.3d at 1101.

Here, where Plaintiff must demonstrate that she was disabled prior to her DLI of 12/31/2009, the Court finds that the ordinary remand rule is the proper course. First, the medical opinion evidence does not show that Plaintiff was disabled prior to her DLI. Both medical opinions addressed by Plaintiff were rendered years later, and there are inconsistencies between the more recent medical opinion evidence and older medical opinion evidence. For example, Dr. Taubenfeld, who evaluated Plaintiff after her DLI in 2012, diagnosed Plaintiff with moderate to severe major depression, panic disorder, generalized anxiety disorder, PTSD, ADHD, and avoidant, dependent, and depressive personality disorders. Tr. 606. He found that she is limited in her work speed, interpersonal skills, capacity to cope with the emotional demands and stress

of work, ability to sustain attention, and stamina due to pain fatigue. Tr. 607. As a result, he indicates that she would be unable to perform the essential functions of a job. Tr. 607. By contrast, Dr. Wagener, the examining physician who performed an evaluation of Plaintiff in June of 2009, only diagnosed Plaintiff with PTSD and depressive disorder. Tr. 305. Though he does determine that she is significantly impaired in her ability to maintain concentration and attention based on her self-report of the effects of her physical condition, he finds Plaintiff is only mildly impaired in remembering instructions and has the ability to engage in appropriate social interactions. [4] Tr. 305. Thus, there are ambiguities in the record that should be resolved by the ALJ.[5]

In addition, there are inconsistencies between Plaintiff's subjective testimony and the record that preclude a remand for benefits. The VE testified at the hearing that an individual taking two or three unscheduled fifteen-minute breaks per day would be unemployable Tr. 62. Plaintiff testified at the hearing that since losing her job in 2008 she has three or more panic attacks per day. Tr. 53–54. However, Plaintiff's reports as to the frequency of these panic attacks varies throughout the record. *See e.g.* tr. 781 (reporting 3-4 panic attacks per week), 790 (reporting panic attacks once a week), 813 (reporting one month since last panic attack). Further, records from prior to her DLI do not support the alleged frequency of these symptoms. Most notably, though Plaintiff reported anxiety attacks to Dr. Wagener and her mental health counselor prior to her DLI, tr. 302, 664, Dr. Wagener's report does not mention any limitations

---

[4] The Court notes that Plaintiff does not challenge the ALJ's decision to give Dr. Wagener's opinion partial weight. In addition, the ALJ "limited the claimant to unskilled work with no production-based jobs in part because of [Dr. Wagener's] opinion." Tr. 26.
[5] Further, even if it were to credit the opinion testimony as true, the Court could not say that the ALJ would be required to find Plaintiff disabled. The most relevant hypothetical to Plaintiff's limitation from Dr. Wagener in maintaining concentration and attention is as follows: "Limited to understanding and carrying out simple instructions in a workplace free of fast-paced production requirements." Tr. 60. In response, the VE identified three jobs that the Plaintiff could perform. Tr. 61.

from Plaintiff's panic attacks or diagnose Plaintiff with any anxiety or panic disorder. Accordingly, the Court declines to credit Plaintiff's testimony as true. This case is reversed and remanded for further proceedings.

## CONCLUSION

Based on the foregoing, the Commissioner's decision is REVERSED and REMANDED for further administrative proceedings.

IT IS SO ORDERED.

Dated this \_\_\_\_\_ day of November, 2018.

MARCO A. HERNÁNDEZ
United States District Judge